```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

UNITED STATES OF AMERICA          :
                                  :    NO. 1:06-CR-00012
                                  :
     v.                           :    **ORDER**
                                  :
                                  :
GREGORY JONES, JR.                :
                                  :
                                  :
                                  :
                                  :
                                  :

This matter is before the Court on the Defendant's Motion to Suppress (doc. 17) and the Government's Response thereto (doc. 19). A Hearing was held regarding Defendant's Motion on March 23, 2006. The majority of the facts are not in dispute in this matter, excepting one issue upon which this matter largely turns. As such, the Defendant's rendition of the facts are recited below. At the appropriate point in the Court's recitation of the facts, it will note where the Government's version of the facts significantly diverge.

On October 23, 2005, Defendant was cited by a Cincinnati Police Department Officer for minor misdemeanor charges, specifically, Operating a Vehicle with a Blurred Windshield and Driving in Marked Lanes in violation of a Cincinnati Municipal Ordinance (doc. 17). The citation directed Defendant to appear in court on November 3, 2005 (Id.). On November 3, 2005 a capias was issued for the arrest of Defendant due to his failure to appear in court on these citations (Id.). The Defendant maintains that on November 4, 2005 he was recited

by a Cincinnati Police Officer from District Three (Id.).  It is this alleged recitation that the Government avers did not occur (doc. 19). Defendant contends that a new date for his appearance was rescheduled to a date subsequent to his November 11, 2005 arrest date at issue in this suppression hearing (doc. 17)

On November 11, 2005, at approximately 2:50 A.M., Cincinnati Police Officer Patrick (hereinafter "Patrick") observed Defendant's vehicle moving slower than normal.  Patrick ran a query on the license plate and received indications that there were two traffic capiases for Defendant, an individual associated with the car.  Patrick stopped the vehicle in the parking lot of a McDonald's restaurant on Beekman Street, without incident.

The vehicle was approached by two armed officers, one on each side of the vehicle.  Defendant produced his driver's license to Patrick.  Patrick confirmed that driver was Defendant and informed Defendant that two traffic capiases were outstanding in his name. Defendant immediately told Patrick that the capiases had been recalled and that he was scheduled to appear in court for the capiases on November 14, 2005.  Patrick advised Defendant that he would be taken into custody and if the capiases had been recalled, he would be released.  Defendant was then removed from the vehicle, handcuffed, and searched incident to the arrest.  During the search, a .22 caliber target pistol was recovered from his waistband.  Defendant was immediately notified that he was under arrest for a weapons violation.

The Government agrees with the majority of the facts, but takes issue with one very important point.  The Government contends that Defendant was not recited by a Cincinnati Police Officer from District Three.  The Government argues that no evidence exists of this recite, other than the Defendant's word.  The Government highlights that Defendant has not produced a copy of the recitation paperwork that he would have received when recited.  Furthermore, the Government notes that neither the Cincinnati Police, the Hamilton County Clerk's Office, nor the Central Warrant Processing Unit ("CWPU"), the repository of all warrant information for the city of Cincinnati and Hamilton County, have a record of the recitation.

At the Hearing the Defendant acknowledged that he moved this Court to grant his motion on two grounds.  First, that the initial stop by Patrick was unlawful; and, second, that he had been recited and, as such, the capias upon which the stop and arrest were based was invalid.  Also at the Hearing, the Defendant acknowledged that he had not provided sufficient or really any evidence to prove that he had in fact been recited.  The Court notes that without this evidence, Defendant's second argument for granting his motion must fail.

As to the first argument, the Court finds that the initial stop by Patrick was lawful.  The Hearing highlighted that Defendant was traveling approximately twenty-five miles per hour slower than the posted speed limit, on a busy thoroughfare, and in the early morning

hours. This behavior is typical of individuals driving while intoxicated and it was, therefore, reasonable for Patrick to call in Defendant's license plate. Once having discovered that Defendant had outstanding capiases, Patrick lawfully pulled Defendant over, arrested him on the outstanding capiases, and conducted a lawful search incident to arrest. It was during this lawful search incident to arrest that the gun was found.

Accordingly, Defendant's Motion to Suppress is hereby DENIED (doc. 17).


SO ORDERED.


Dated:  April 3, 2006         s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge